UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA,

-against-

Order

JORGE ALFREDO MONTANEZ BECERRA,  18 Crim. 782-5 (GBD)

Defendant.

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Defendant Jorge Alfredo Montanez Becerra, proceeding *pro se*, moves for a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Def.'s Mot. for Retroactive Appl. of Amendment 821 ("Def.'s Mot."), ECF No. 239.) Amendment 821 went into effect on November 1, 2023, and applies retroactively.[1] *See* U.S.S.G. § 1B1.10. As relevant here, Amendment 821 provides an "Adjustment for Certain Zero-Point Offenders" that reduces a defendant's total offense level by two points if the defendant has no criminal history points, as calculated under § 4A of the Sentencing Guidelines, and received none of the enhancements listed in the Amendment. *Id.* § 4C1.1. Defendant Becerra asserts that he qualifies for the Zero-Point Offender adjustment and asks for a sentence reduction in accordance with the reduced guideline range that would result. (Def.'s Mot. at 4.)

At Defendant's sentencing, this Court accepted Probation's determination of Defendant's guideline range, including that Defendant had a total of six criminal history points, and sentenced Defendant to 132 months' imprisonment for conspiracy to import narcotics into the United States. (J., ECF No. 211.) Because Defendant had six criminal history points, he does not qualify as a Zero-Point

---

[1] "Pursuant to 18 U.S.C. § 3582(c)(2), . . . a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

1

Offender and does not receive the two-point reduction to his total offense level.  As a result, Defendant is not eligible for a sentence reduction pursuant to Amendment 821.

## **CONCLUSION**

Because Defendant Becerra is ineligible for a sentence reduction pursuant to Amendment 821, Defendant's Motion for Retroactive Application of Amendment 821 is DENIED.  The Clerk of Court is directed to close the open motion at ECF No. 239.

Dated: New York, New York
     April  2 , 2024

                                        SO ORDERED.

                                        GEORGE B. DANIELS
                                        United States District Judge